**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Case No. 25 B 11534 |
| | ) | |
| PUSHPA SHEKAR, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | Judge David H. DeCelles |
| | ) | |

## MEMORANDUM OPINION

Debtor Pushpa Shekar (also known as Monica Shekar) failed to appear before the court in violation of its orders to show cause as to why this bankruptcy case should not be dismissed. Therefore, as explained in more detail below, the court dismisses this bankruptcy case pursuant to 11 U.S.C. §§ 105(a) and 1307(c).

## BACKGROUND

In 2017, Teledyne Technologies Incorporated, the former employer of Raj Shekar (also known as Roger Shekar), obtained a judgment against Mr. Shekar in the United States District Court for the Northern District of Illinois. *Teledyne Techs. Inc. v. Shekar*, No. 15-cv-01392, Dkt. 312 (N.D. Ill. May 16, 2017). Mr. Shekar appealed, and the Seventh Circuit affirmed the judgment. *Teledyne Techs. Inc. v. Shekar*, No. 17-2171, Dkt. 58 (7th Cir. June 25, 2018).

Mr. Shekar then filed several frivolous motions in the appeal, leading the Seventh Circuit to impose sanctions of $500 and warn Mr. Shekar that his failure to pay would result in a bar order. *Id.*, Dkt. 67 (June 19, 2019). Mr. Shekar failed to pay the sanctions and filed a motion to reconsider. *Id.*, Dkt. 68.

On July 10, 2019, the Seventh Circuit denied the motion to reconsider and entered an order (the "Bar Order"), which provided, in part, as follows:

> Unless and until Shekar pays all outstanding filing fees and sanctions, the clerks of all federal courts in this circuit are directed to return unfiled any papers submitted either directly or indirectly by him or on his behalf. *See In re City of Chi.*, 500 F.3d 582, 585–86 (7th Cir. 2007); *Support Sys. Intl, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995) (per curiam). In accordance with our decision in *Mack*, exceptions to this filing bar are made for criminal cases and for applications for writs of habeas corpus. *See Mack*, 45 F.3d at 186–87. This order will be lifted immediately once Shekar makes full payment. *See City of Chi.*, 500 F.3d at 585-86. If Shekar, despite his best efforts, is unable to pay in full all outstanding sanctions and filing fees, no earlier than two years from the date of this order he is authorized to submit to this court a motion to modify or rescind this order. *See id.; Mack*, 45 F.3d at 186.

No. 17-2171, Dkt. 70 (7th Cir. July 10, 2019).

Mr. Shekar moved to lift the Bar Order in August 2023. *Id.*, Dkt. 77. The Seventh Circuit denied that motion, stating that the Bar Order would be "lifted immediately once Shekar makes full payment." *Id.*, Dkt. 78 (Aug. 22, 2023). The Seventh Circuit's order also explained that if "Shekar, despite his best efforts, is unable to pay in full all outstanding fees and costs, no earlier than two years from the date of this order he is authorized to submit to this court another motion to modify or rescind this order that explains in detail what he has done to pay the amounts he owes." *Id.*

Mr. Shekar and his spouse, Pushpa Shekar, through counsel, filed a petition commencing a joint chapter 13 bankruptcy case on July 29, 2025. Dkt. 1; *see also* 11 U.S.C. § 302(a) (providing for the filing of joint cases).[1] Despite the Bar Order, the clerk of the bankruptcy court did not return the petition unfiled. Instead, the case proceeded, and numerous filings were made on behalf of the Shekars, the majority of which related to litigation between them and Selene Finance LP, the holder of a mortgage on a residential property owned by the Shekars.

---

[1] Unless otherwise noted, all docket references are to Ms. Shekar's bankruptcy case (No. 25-11534).

The clerk's office discovered the Bar Order in April 2026, soon after Mr. Shekar appeared pro se (while still represented by counsel) and filed a motion to disqualify the undersigned bankruptcy judge. Dkts. 124, 125, and 158.[2] The court entered an order denying Mr. Shekar's motion on May 4, 2026, and Ms. Shekar filed a notice of appeal of that order on June 9, 2026. Dkts. 164 and 180.

On May 1, 2026, Mr. Shekar filed an "emergency petition" with the Seventh Circuit to lift the Bar Order. *Teledyne Techs.*, No. 17-2171, Dkt. 79. A few days later, the Seventh Circuit entered the following order on Mr. Shekar's petition:

> The motion is GRANTED only to the extent that the Shekars' bankruptcy case may proceed and the bankruptcy judge can determine whether Raj Shekar has made his best effort to pay his outstanding filing fees or instead has prioritized other debts or expenses. If the bankruptcy judge concludes that Shekar has made his best effort to pay his outstanding fees and lacks assets to do so, it may lift this court's filing bar. The bankruptcy court may require Shekar to take all legal action through counsel in his bankruptcy case while he is represented. Shekar is reminded that a new campaign of frivolous litigation will lead to the filing bar's reinstatement. The clerk of this court shall transmit a copy of this order to the bankruptcy court.

*Id.*, Dkt. 80 (7th Cir. May 6, 2026).

Based on the Seventh Circuit's order, this court entered an order on May 11, 2026, requiring Mr. Shekar to file a motion to lift the Bar Order by June 1, 2026, if he wanted the Bar Order lifted in this bankruptcy case. Dkt. 175. The order required any such motion to state with particularity facts demonstrating that Mr. Shekar had made his best effort to pay his outstanding filing fees and had not prioritized other debts and expenses and that he lacked assets to pay his

[2] Soon after Mr. Shekar's pro se filing, the Shekars' former counsel filed a motion to withdraw. Dkt. 140. The court granted counsel's motion on June 26, 2026 based on the breakdown of the attorney-client relationship. Dkt. 204.

outstanding fees. In addition, the order directed Mr. Shekar to file an affidavit in support of any such motion.

After Mr. Shekar failed to file a motion to lift the Bar Order by the deadline, the court entered an order requiring the Shekars to appear on July 24, 2026, and show cause as to why the bankruptcy case should not be dismissed because the petition was filed in violation of the Bar Order (the "First Order to Show Cause"). Dkt. 208. The order permitted Ms. Shekar and any party in interest to file a response supporting or opposing dismissal. Selene Finance filed a response supporting dismissal by the deadline. Dkt. 222. No other party in interest filed a response.[3] In violation of the First Order to Show Cause, neither Mr. Shekar nor Ms. Shekar appeared at the hearing on July 24, 2026.

On August 13, 2026, Mr. Shekar filed a motion in the *Teledyne* case to stay the Bar Order; the Seventh Circuit denied that motion five days later. *Teledyne Techs.*, No. 17-2171, Dkts. 83 and 84.

Based on the Bar Order and Mr. Shekar's failure to comply with the First Order to Show Cause, this court entered an order dismissing Mr. Shekar as a debtor. Dkt. 238. As explained in that order, despite Ms. Shekar's failure to comply with the First Order to Show Cause, the court declined to dismiss Ms. Shekar's bankruptcy case because the Bar Order does not apply to her.

Nevertheless, the court raised several concerns about the continuation of Ms. Shekar's bankruptcy case. The court's primary concern was that Mr. Shekar was filing papers under Ms.

[3] After the deadline, a "petition to quash" the First Order to Show Cause was filed under Ms. Shekar's name, arguing, among other things, that the bankruptcy court lacked jurisdiction to enter the order. Dkt. 224. The petition was not noticed for presentment, as required by the bankruptcy court's local rules, and asserted that it would be heard by a "substituted/reassigned" judge. *Id*. at 1.

Shekar's name to circumvent the Bar Order. *Id.* at 6. The court noted that Ms. Shekar purportedly filed a petition "to strike" her counsel's motion to withdraw that was markedly similar in style and substance to a previous motion "to strike" that Mr. Shekar had filed before the clerk discovered the Bar Order. *Id.* Further, the petition filed under Ms. Shekar's name asserted that "every substantive filing in this case . . . was prepared" by Mr. Shekar. *Id*. (quoting Dkt. 165 at 30). In addition, the court observed that, in prior litigation involving the Shekars, after Mr. Shekar was prohibited from further filings based on "abusive conduct" in previous cases, the district court's Executive Committee ordered an evidentiary proceeding to determine if Ms. Shekar was the "true author" of briefs filed with the district court. *Shekar v. Ocwen Loan Servicing, LLC*, No. 21-1943, 2022 WL 2829763, at *1 (7th Cir. July 20, 2022). After Ms. Shekar violated several orders to appear before a magistrate judge, the district court dismissed her case. *Id*.

The court was also concerned that Mr. Shekar was impermissibly representing Ms. Shekar by filing papers on her behalf even though Mr. Shekar is not a licensed attorney. Dkt. 238 at 6; *see Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 830–31 (7th Cir. 1986) (holding that "an individual may appear in the federal courts only *pro se* or through counsel" and striking a brief filed by a non-attorney on behalf of a party); *Elustra v. Mineo*, 595 F.3d 699, 704 (7th Cir. 2010) (citing 28 U.S.C. § 1654 and Fed. R. Civ. P. 11(a) for the proposition that "pleadings may be brought before the court only by parties or their attorney"). Finally, the court noted that Ms. Shekar had failed to attend several hearings in this case, raising the question of whether she intended to prosecute the bankruptcy case. Dkt. 238 at 6.

Based on its concerns, the court entered a second order requiring Ms. Shekar to appear before the court to show cause as to why her bankruptcy case should not be dismissed. Dkt. 239.

That order stated that Ms. Shekar would be expected to provide testimony regarding Mr. Shekar's involvement in the drafting and filing of papers filed on her behalf or under her name, to advise the court whether she intended to proceed in this case, and, if so, to state her views as to how the case should proceed. The order also warned Ms. Shekar that her failure to appear at the hearing on September 25, 2026, could "result in the dismissal of this case."

On September 24, 2026, several documents—purportedly signed by Ms. Shekar—were filed on the docket. Dkts. 247, 248, and 249. These filings asserted, among other things, that Ms. Shekar would not appear before the court because her notice of appeal of the court's order denying Mr. Shekar's motion to disqualify divested the court of jurisdiction. *See, e.g.*, Dkt. 247 at 1.

Ms. Shekar failed to appear at the hearing on September 25, 2026.

## JURISDICTION

The court has subject matter jurisdiction to determine whether cause exists to dismiss this bankruptcy case under 28 U.S.C. §§ 1334 and 157(b)(1). 28 U.S.C. § 1334(b) ("[T]he district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."); 28 U.S.C. § 157(b)(1) ("Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title."). Specifically, the dismissal of this chapter 13 case "arises in" a case under title 11 because it "concerns a matter that is exclusive to bankruptcy law and practice" and "arises under" the Bankruptcy Code because it "presents a substantive question of bankruptcy law," i.e., the application of sections 105(a) and 1307(c). *See Bush v. United States*, 100 F.4th 807, 811 (7th Cir. 2024). For the same reasons, this

matter is a "core" proceeding in which Congress has authorized the bankruptcy court to enter a final order. 28 U.S.C. § 157(b)(1); *Stern v. Marshall*, 564 U.S. 462, 476 (2011) ("Under our reading of the statute, core proceedings are those that arise in a bankruptcy case or under Title 11."); *see also In re Class A Properties Five, LLC*, 600 B.R. 27, 30 (Bankr. N.D. Ill. 2019) (stating that "[t]he dismissal of a bankruptcy case is a matter concerning the administration of the estate[] and is thus a core proceeding under the Bankruptcy Code" (citing 28 U.S.C. § 157(b)(2)(A))). Further, the court's statutory authority to enter a final order dismissing this case does not exceed the limitations of Article III of the Constitution because the basis for dismissal "'stems from the bankruptcy itself.'" *Id.* (quoting *Stern*, 564 U.S. at 499).

Ms. Shekar's appeal of the order denying Mr. Shekar's motion to disqualify the undersigned judge—currently before the Seventh Circuit—does not divest this court of jurisdiction. *See* Dkt. 180 (notice of appeal filed on June 9, 2026). "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). "This rule, however, has no application where there is a purported appeal from a nonappealable order." *United States v. Cannon*, 715 F.2d 1228, 1231 (7th Cir. 1983) (citing *United States v. Bastanipour*, 697 F.2d 170, 173 (7th Cir. 1982)); *see also JPMorgan Chase Bank, N.A. v. Asia Pulp & Paper Co.*, 707 F.3d 853, 860 n.7 (7th Cir. 2013) (holding that the district court's jurisdiction over proceedings was "intact" notwithstanding a party's attempted appeal from a nonappealable order); *Wis. Mut. Ins. Co. v. United States*, 441 F.3d 502, 504 (7th Cir. 2006) ("[A]n appeal taken from an interlocutory decision does not prevent the district court from finishing its work and rendering a final decision.").

Here, the court's order denying Mr. Shekar's motion to disqualify was nonappealable because, as the Executive Committee ruled in denying Ms. Shekar (a restricted filer in district court) leave to appeal, the order was interlocutory and Ms. Shekar failed to set forth grounds for an interlocutory appeal. *Shekar v. Selene Fin. LP*, No. 26-cv-06804, Dkt. 7 (N.D. Ill. July 7, 2026).[4] In addition, the order was nonappealable at the time the notice of appeal was filed because the notice was filed thirty-six days after entry of the order on May 4, 2026, well after the fourteen-day time limit established by Federal Rule of Bankruptcy Procedure 8002(a)(1). *See Gilda Indus., Inc. v. United States*, 511 F.3d 1348, 1350–51 (Fed. Cir. 2008) (explaining that an untimely notice of appeal does not divest the trial court of jurisdiction); *see also In re Sobczak-Slomczewski*, 826 F.3d 429, 432 (7th Cir. 2016) (holding that the fourteen-day time limit to file a notice of appeal of the bankruptcy court's order is jurisdictional and that "the failure to file a timely notice of appeal strips the district court of jurisdiction to hear the appeal"). Thus, Ms. Shekar's appeal of the order denying Mr. Shekar's motion to disqualify does not divest this court of jurisdiction.

For similar reasons, Mr. Shekar's attempt to appeal this court's order dismissing him as a debtor does not divest the bankruptcy court of jurisdiction. *See* Dkt. 257 (notice of appeal filed on September 29, 2026). Mr. Shekar's notice of appeal was untimely because it was filed more than fourteen days after the entry of the order dismissing Mr. Shekar as a debtor on September 10, 2026.

---

[4] The Executive Committee also ruled that "even construing Monica Shekar's filing liberally as a petition for a writ of mandamus, the Executive Committee's review of the filing and the Bankruptcy Judge's detailed written order . . . reveals no non-frivolous ground for mandamus relief." *Shekar v. Selene Fin. LP*, No. 26-cv-06804, Dkt. 7 (N.D. Ill. July 7, 2026). Ms. Shekar appealed the Executive Committee's order to the Seventh Circuit, which ordered Ms. Shekar to file "a brief memorandum stating why this appeal should not be dismissed for lack of jurisdiction or because it is frivolous." *Shekar v. Selene Fin. LP*, No. 26-2519, Dkt. 3 (7th Cir. July 22, 2026). Through a series of orders granting Ms. Shekar's motions to extend time, the current deadline to file the memorandum is November 12, 2026. *Id.*, Dkt. 31.

Dkt. 238. Moreover, the Executive Committee—which reviewed Mr. Shekar's notice of appeal pursuant to an order restricting his filings—denied Mr. Shekar leave to appeal based on the Bar Order. No. 26-cv-11943, Dkt. 10 (N.D. Ill. Oct. 16, 2026). As of the date of this memorandum opinion, the district court's docket does not reflect any attempt by Mr. Shekar to appeal the Executive Committee's decision to the Seventh Circuit. But any such attempt to appeal—even putting aside the untimely notice of appeal—would not divest this court of jurisdiction because the Bar Order renders this court's orders nonappealable by Mr. Shekar.[5]

**DISCUSSION**

On the request of a party in interest and after notice and hearing, the bankruptcy court may convert or dismiss a chapter 13 case "for cause." 11 U.S.C. § 1307(c). Section 1307(c) supplies a list of circumstances that constitute cause, but that list is not exhaustive. *In re McNichols*, 254 B.R. 422, 435 (Bankr. N.D. Ill. 2000).

Even though section 1307(c) contemplates a motion to dismiss being filed by a party in interest, section 105(a) states that "[n]o provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action . . . necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." 11 U.S.C. § 105(a). The dismissal of a chapter 13 case can be a "necessary or appropriate" action under section 105(a). *Howard v. Lexington Invs., Inc.*, 284 F.3d 320, 323 (1st Cir. 2002) ("The powers bestowed upon the court in § 105(a) include the equitable and

[5] An appeal divests the trial court of jurisdiction over only "those aspects of the case involved in the appeal." *Griggs*, 459 U.S. at 58; *see also In re Schultz Mfg. Fabricating Co.*, 956 F.2d 686, 691 (7th Cir. 1992) ("A pending appeal of a bankruptcy decision does not deprive the bankruptcy court of jurisdiction over issues not involved in the appeal."). Because the orders appealed by the Shekars were nonappealable, the court does not need to decide whether this opinion addresses "aspects of the case involved in" their appeals.

discretionary power to dismiss a case under § 1307(c)."); *Hammers v. Internal Revenue Serv. (In re Hammers*), 988 F.2d 32, 34–35 (5th Cir. 1993) (affirming the bankruptcy court's sua sponte dismissal of a chapter 13 case pursuant to section 1307(c)); *see also In re Volpert*, 110 F.3d 494, 500–01 (7th Cir. 1997) (explaining that section 105(a) authorizes bankruptcy courts to order sanctions for abuse of the judicial process); *In re Jakovljevic–Ostojic*, 517 B.R. 119 (Bankr. N.D. Ill. 2014) (dismissing a chapter 7 case sua sponte after the issuance of a show cause order).

Ms. Shekar's failure to comply with the court's orders to show cause warrants dismissal of this bankruptcy case. A debtor's failure to comply with a court order can constitute cause to dismiss a chapter 13 case. *Lawson v. Tice*, 115 Fed.Appx. 611, 612–13 (4th Cir. 2004) (affirming the dismissal of a chapter 13 case for failure to comply with a court order where the bankruptcy court's order detailed requirements to avoid dismissal); *Howard*, 284 F.3d at 323 (affirming the bankruptcy court's sua sponte dismissal of a chapter 13 case under sections 105(a) and 1307(c) for failure to comply with a court order); *see also Karamoussayan v. Mass. Dep't of Revenue (In re Karamoussayan*), 656 B.R. 652, 664–65 (B.A.P. 1st Cir. 2024) (affirming the conversion of a chapter 13 case in part because the debtor violated cash collateral orders); *In re Maclean*, 200 B.R. 417, 419 (Bankr. M.D. Fla. 1996) (holding that the debtor's failure to comply with a court order was cause to dismiss the case under section 1307(c)).

Here, Ms. Shekar failed to comply with two orders to show cause as to why this case should not be dismissed by not appearing at hearings. The second order specifically warned Ms. Shekar that her failure to appear could result in dismissal of the case. Ms. Shekar's failure to appear at that hearing thwarted the court's efforts to ensure that Mr. Shekar was not filing papers under Ms. Shekar's name to circumvent the Bar Order. Under the circumstances, the dismissal of this case

is "necessary or appropriate to enforce or implement court orders" and "to prevent an abuse of process." 11 U.S.C. § 105(a).[6]

**CONCLUSION**

For the foregoing reasons, the above-captioned bankruptcy case is dismissed. A separate order consistent with this opinion will be entered on the docket, and all pending motions in the case will be denied as moot.

Dated: November 5, 2026

ENTERED:

David H. DeCelles
United States Bankruptcy Judge

---

[6] Dismissal, instead of conversion to a case under chapter 7, "is in the best interests of creditors and the estate." 11 U.S.C. § 1307(c). Based on the court's review of the schedules and the claims register, dismissal is more appropriate than conversion because Ms. Shekar's secured creditors have non-bankruptcy remedies to liquidate their collateral and Ms. Shekar has no unsecured creditors that would benefit from a chapter 7 liquidation. *See In re Guy*, 654 B.R. 765, 771 (Bankr. W.D. Pa. 2023) ("When virtually all the creditors hold liens and possess viable remedies to liquidate their collateral, dismissal is a suitable option."); *In re Green Box NA Green Bay LLC*, 579 B.R. 504, 511 (Bankr. E.D. Wis. 2017) ("[A] key question the court must ask is: what assets would be available for a chapter 7 trustee to liquidate and administer for the benefit of unsecured creditors if this case were converted?").